IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | **JURY TRIAL REQUESTED** |
| THE OHIO STATE UNIVERSITY, | ) ) | |
| Defendant. | ) | |

COMPLAINT

**Nature of the Action**

This is an action under the Age Discrimination in Employment Act of 1967 ("the ADEA"), to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Party Alan Knox ("Knox"), who was adversely affected by such practices. As alleged with greater particularity below, Knox was age 53 and had been employed by Defendant The Ohio State University ("Defendant" or "OSU") for twelve years when Defendant terminated him and replaced him with a significantly younger, significantly less-qualified employee, amidst a workplace culture infected with age bias. When Knox sought reemployment by applying to numerous positions, Defendant consistently selected significantly younger, significantly less-qualified individuals instead of Knox.

**Jurisdiction and Venue**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 216(c) and 217.

1

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio. At all relevant times, Defendant employed Knox in Columbus, Ohio.

## PARTIES

3. Plaintiff, the U.S. Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant has been a State, a political subdivision of a State, or an agency or instrumentality of a State or a political subdivision of a State under Section 11(b) of the ADEA, 29 U.S.C. §§ 630(b).

## CONCILIATION

5. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

6. Since March 2018, Defendant OSU has engaged in unlawful employment practices in violation of Section 4 of the ADEA, 29 U.S.C. § 623(a)(1), by discharging Knox and failing to re-hire him because of his age.

7. In March 2018, as part of a reduction in force ("RIF"), Defendant terminated Knox, then age 53, a Human Resources Generalist ("HR Generalist") in OSU's College of

Education and Human Ecology ("CEHE"). The RIF also eliminated the jobs of two additional CEHE employees in their 60s. Upon information and belief, Knox and the two additional employees in their 60s were the only employees terminated in the RIF.

    a.    At the time of his termination, Knox was the oldest HR Generalist of the five within CEHE and the only CEHE HR Generalist included in the RIF.

    b.    At the time of Knox's termination, Knox oversaw human resources functions for three different centers within CEHE: the Center on Education and Training for Employment ("CETE"), the Crane Center for Early Childhood Research ("CCEC"), and the Schoenbaum Family Center ("SFC").

    c.    Following Knox's termination, OSU assigned Knox's workload to two other employees in CEHE. His duties relating to CCEC and SFC, comprising approximately half of his portfolio, were assigned to Jennifer Lagnese ("Lagnese"), a 28-year-old Human Resources Specialist, a position subordinate to the HR Generalist position held by Knox.

    d.    At the time of his termination, Knox had 20 years of human resources experience, with 12 of those at OSU. Lagnese had less than five years of human resources experience total, with just eight months at OSU.

    e.    Throughout his employment at OSU, Knox had consistently maintained satisfactory or better performance evaluation scores at OSU. At the time of Knox's termination, Lagnese had not yet received a performance evaluation at OSU.

    f.    Concurrent with Knox's termination, OSU increased Lagnese's salary by $6,000.

    g.    Less than six months after terminating Knox, OSU promoted Lagnese to HR Generalist, the position held by Knox, and increased her salary by $5,700, to $62,700, just slightly less than Knox had been making with over a decade more experience with OSU.

  h. Knox's termination occurred against a backdrop of age-based hostility toward older employees in CEHE that was displayed or condoned by the same officials responsible for Knox's termination: CEHE Human Resources Director Brian Lenzo ("Lenzo"), who was Knox's first-line manager, Dean of CEHE Cheryl Achterberg ("Achterberg"), and CEHE Human Resources Manager Jackie Chambers ("Chambers").

  i. Lenzo had made ageist comments to Knox and another older CEHE HR Generalist, Jodi Renshaw.  Lenzo would call Knox the "old guy," Renshaw the "old girl," and Knox and Renshaw together the "old crew," including in front of other employees at team meetings.

  ii. Prior to Knox's termination, Dean Achterberg and other members of CEHE management received written complaints from four CEHE employees in their 50s and 60s detailing age-based discrimination toward older CEHE employees. These employees complained, in part, that older employees in their department had been targeted for termination and demotion and replaced by younger, less qualified individuals.

  iii. The four older CEHE employees also complained about ageist statements made by two different CEHE Executive Directors. One Executive Director had sent an e-mail, eventually forwarded to Dean Achterberg, describing his staff as an "extraordinarily change averse population of people almost all of whom are over 50, contemp[l]ating retirement (or not) and it's like herding hippos." The complainants and supporting witnesses stated that his successor made statements such as, "You don't want to work with these old people, they are backward looking"; and also referred to older employees as "millstones around [his] neck," "dead wood," "change averse" and unable "to turn on a

4

computer" without technical support, and to two CEHE older employees as "just an old lady who can't walk" and "the Grim Reaper."

      iv.      In response to the four complaints, OSU issued a report in which it declined to take any corrective action. Soon thereafter, CEHE management, including Achterberg, Lenzo, and Chambers, eliminated the complainants' full-time positions and those of other older, longstanding CEHE employees, reclassifying these positions as lower-paying nine-month contractual appointments, thereby forcing a number of older CEHE employees to resign. After taking these actions CEHE management then advertised full-time positions but did not fill them after older former employees applied.

8.      Following his termination, Knox applied, and continues to apply, to several human resources jobs at OSU, including within CEHE.  He has been qualified for all such jobs so far, and yet OSU hired significantly younger, significantly less-qualified applicants.

a.      On or about March 30, 2018, Knox applied for Requisition #437066, a posted HR Generalist position at OSU.  OSU rejected Knox and instead hired a significantly less-qualified individual, age 37.

b.      On or about March 30, 2018, Knox applied for Requisition #445562, a posted HR Generalist position at OSU.  OSU rejected Knox and instead hired another significantly less-qualified individual, age 37.

c.      On or about December 4, 2018, Knox applied for Requisition #444541, a posted HR Generalist position at OSU.  OSU rejected Knox and instead hired another significantly less-qualified individual, age 30.

d.      In or about January 2019, Knox applied for Requisition #445794, a posted HR Generalist position at OSU within CEHE, essentially his old position.  OSU rejected Knox and,

5

upon information and belief, instead hired another significantly younger, significantly less-qualified individual.  At the time Knox applied for this position, CEHE Human Resources Manager Jackie Chambers, who was involved in terminating Knox, had been promoted to HR Director of CEHE and upon information and belief, was involved in the decision to reject Knox as a CEHE HR Generalist.

  e. Since his termination, Knox has applied for human resources jobs at OSU in addition to those listed above for which he was qualified but not selected.  OSU rejected Knox and, upon information and belief, continued to hire younger, less-qualified individuals for these positions.

  9. The unlawful employment practices complained of in paragraphs 7 through 8 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

  A. Grant a permanent injunction enjoining Defendant OSU, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

  B. Order Defendant OSU to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

  C. Grant a judgment requiring Defendant OSU to pay appropriate back wages, including benefits, in an amount to be determined at trial, and an equal sum as liquidated damages, to Knox for wages that are being unlawfully withheld as a result of the unlawful employment practices complained of above.

D. Order Defendant OSU to make whole Knox, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement of Knox, or in the alternative, front pay.

E. Grant such further relief as the Court deems necessary and proper in the public interest.

F. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

SHARON F. GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

/s/ Maria Luisa Morocco_____
MARIA LUISA MOROCCO
Supervisory Trial Attorney

/s/ John S. Brubaker_____
JOHN S. BRUBAKER
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107-3127
Phone: (267) 589-9762
Fax: (215) 440-2848
john.brubaker@eeoc.gov
IL6314685
*admitted via S.D. Ohio Civ. R. 83.3(c)(3)*