IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, : :  : Plaintiff, : : v. : : THE OHIO STATE UNIVERSITY, : : Defendant. : | Case No. 2:20-cv-04624  Chief Judge Algenon L. Marbley Magistrate Judge Kimberly A. Jolson |

**OPINION & ORDER**

This matter is before the Court on Plaintiff EEOC's Expedited Motion to Compel Defendant to File an Exhibit List that Complies with the Court's Pretrial Procedures (ECF No. 89) (hereinafter, "Motion to Compel"). For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART and DENIED IN PART**.

**I.  BACKGROUND**

This case is set for a jury trial beginning on February 27, 2023. In anticipation of trial, the parties have submitted witness lists and exhibit lists, in accordance with the Court's Pretrial Order (ECF No. 70). Plaintiff suggests that neither Defendant's Witness List (ECF No. 78) nor Defendant's Exhibit List for Trial (ECF No. 79) complies with the Pretrial Order or Fed. R. Civ. P. 26(a)(3)(A), as the filings fail to provide sufficient specificity for Plaintiff to prepare properly for trial. (Mot. to Compel at 1, ECF No. 89). As the parties have fully briefed the issue, the Court considers Plaintiff's Motion to Compel on an expedited basis.

**II.  LAW & ANALYSIS**

Pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) are intended to prevent prejudice at trial by putting the parties on notice of what evidence the opposing party plans to offer and to

1

enable the Court to conduct trial proceedings efficiently.  *See Ader v. SimonMed Imaging Inc.*, 2020 WL 13442907, at *1 (D. Ariz. Sept. 22, 2020) (discussing "the proverbial unfair 'document dump' the Rules and Advisory Comments are designed to prevent" (citing *S.E.C. v. Badian*, 822 F. Supp. 2d 353, 367 (S.D. N.Y. 2011))).  Rule 26(a)(3)(A) requires parties to identify the witnesses and documents or exhibits that they plan to present at trial.  Pursuant to Rule 26, this Court asks parties to submit the names of witnesses, "with a <u>brief</u> summary of the witness' testimony . . . , the purpose of that testimony, and the major issue about which the witness will testify," as well as "a list containing a brief description of each item of documentary or physical proof the party intends to offer in evidence as an exhibit at trial."  (Order at 4 (emphasis in original), 5, ECF No. 70).  An exhibit list is intended to include more than just generalized "*categories* of documents which [a party] intends to use at trial" as such vagueness fails to "put [the opposing party] on notice of exactly which documents it can expect to see at trial."  *Med. Ctr. of Central Ga., Inc. v. Denon Digital Employee Benefits Plan*, 2005 WL 1073624, at *8 (M.D. Ga. May 4, 2005) (emphasis in original).  One exception from this general principle is where "voluminous items of a similar or standardized character [are] described by meaningful categories."  FED. R. CIV. P. 26(a)(3) advisory committee's note to 1993 amendment.

And while the exhibit list need not provide an exhaustive description of each document, *see id.*, catch-all phrases, broad categories, and general descriptions are certainly insufficient. *See Murphy v. Precise*, 2017 WL 6033063, at *4 (M.D. Ala. Dec. 1, 2017) (quoting *Blanco v. Capform, Inc.*, 2013 WL 12061862, at *1 (S.D. Fla. Jan. 9, 2013)); *see also Ader*, 2020 WL 13442907, at *2 (noting that a "slightly vague" label may be acceptable where the exhibit is "relatively short").  Barring a substantial justification or a showing of harmlessness, a failure to make the required pretrial disclosures under Rule 26(a)(3) precludes a party from using that

2

information at trial. *See Outley v. City of Chicago*, 2022 WL 4448739, at *2 (N.D. Ill. Sept. 23, 2022) (quoting FED. R. CIV. P. 37(c)(1)).

### A. Defendant's Exhibit List

With this background in mind, the Court turns to Defendant's exhibit and witness lists, addressing each in turn. First, Plaintiff suggests that Items C,[1] H,[2] N,[3] P,[4] R,[5] and S[6] on Defendant's Exhibit List (ECF No. 79) simply list broad categories of documents and fail to identify specific documents to be offered at trial. (Mot. to Compel at 3, ECF No. 89). The Court agrees. Item C, for example, apparently encompasses a 1,516-page administrative record with no identification of what documents or what subset of documents therein may be produced. (*See* Mot. to Compel at 4, ECF No. 89). Items H, N, and P include broad, catch-all categories that do not provide any specificity of what handbooks, for example, or what documents within the personnel files will be shown at trial. And Items R and S represent the antithesis of what is required by Rule 26(a)(3)(A); including "[a]ny document produced by any party . . . in this case during discovery" defeats the very purpose of requiring pretrial disclosure.

In response to the flaws identified by Plaintiff, Defendant states generally that "**OSU has provided to Plaintiff copies of the actual documents it intends to introduce at trial compiled in the order that each document is identified in OSU's trial exhibit.**" (Resp. in Opp'n at 2, ECF No. 100). That rebuttal is clearly insufficient, even before accounting for the fact that

---

[1] "OSU's position statements and documents produced to EEOC in response to Knox's EEOC complaint of January 22, 2019." (Def.'s Trial Exhibit List ¶ C, ECF No. 79).
[2] "All personnel, human resources or university policies, procedures practices, handbooks and manuals of OSU, including, but not limited to, policies regarding reductions in force and all EEO policies. (*Id.* ¶).
[3] "The personnel files of Terra Metzger, Alan Knox, Jennifer Lagnese, Bryan Lenzo, Jackie Chambers, Cheryl Achterberg, Jodi Renshaw, Adam Daniels, Bing Tian, Teri Parcell, Neal Kelley and Robert Mahlman all produced in discovery to EEOC." (*Id.* ¶ N).
[4] "All documentation regarding his job search and employment compensation received by Alan Knox subsequent to his employment at OSU, including all W2s and 1099s produced by Knox during discovery." (*Id.* ¶ P).
[5] "Any document produced by any party or Alan Knox in this case during discovery." (*Id.* ¶ R).
[6] "Rebuttal exhibits as necessary." (*Id.* ¶ S).

Defendant apparently only provided these documents *after* Plaintiff filed its motion to compel and, in doing so, did not provide documents corresponding to at least four of the listed exhibit items. (*See* Reply to Resp. at 1, 2, ECF No. 103). Moreover, Defendant's *post hoc* actions still fail to bring Defendant in compliance with this Court's Pretrial Order, which required the parties to file an exhibit list identifying "each item of documentary or physical proof the party intends to offer in evidence as an exhibit at trial" with the Court pursuant to the requirements of Rule 26(a)(3)(A), and not simply with the opposing party. (Order at 5, ECF No. 70).

Second, Plaintiff notes that Items D,[7] E,[8] F,[9] G,[10] O,[11] and Q[12] list specific documents but only as part of non-inclusive lists (i.e., the "including" language); in other words, Plaintiff suggests that, for each of these items, Defendant lists a few specific documents but leaves the door open to including any other document relevant to the topic, even if not identified in the Exhibit List. Here, too, the Court agrees with Plaintiff's objections. A non-inclusive list inhibits the ability of the opposing party to prepare for trial and allows for the possibility of prejudicial surprises. Of course, Defendant is not required to specify any additional documents it wishes to introduce for Items D, E, F, G, O, and Q, beyond those already identified. The Court notes only

---

[7] "OSU's reduction in force request and documentation for Alan Knox, including OSU_00032 and OSU_00033, OSU_00466 and OSU_000467." (*Id.* ¶ D).

[8] "OSU's Case Report dated January 25, 2019 related to the investigation of Alan Knox's complaint filed with OSU including all investigation materials, witness statements, investigation file and investigator notes." (*Id.* ¶ E).

[9] "The full hiring and HR file for the HR Generalist position posting #445794 for which Alan Knox applied and for which he was interviewed by Adam Daniels, including Exhibits 74, 77, 78, 79, 80, 81, 83 and 94 to Daniels' deposition." (*Id.* ¶ F).

[10] "All internal notes, meeting minutes and documents regarding the reorganization of CETE between 2016 and 2018, including OSU_000004 to OSU_000030 to OSU_000034 to OSU_000051, OSU_00076 to OSU_00095, OSU_00133 to OSU_00138, OSU_00898 to OSU_00905, OSU_001267 to OSU_001270, OSU_002140 to OSU_02143." (*Id.* ¶ G).

[11] "OSU documents regarding the hire, salary, reclassification or lateral promotion of Jennifer Lagnese, including Bates numbered documents OSU_00117, OSU_00134, OSU_00268 to OSU_00272, OSU_00290 to OSU_00293, OSU_002078 to OSU_002092, OSU_010340 to OSU_010356." (*Id.* ¶ O).

[12] "All documentation regarding Alan Knox's or other HR Generalists' compensation while employed at OSU including OSU_00326, OSU_00978 to OSU_00989." (*Id.* ¶ Q).

4

that the introduction of documents not explicitly specified in the Exhibit List may be barred by the Court at trial. *Cf.* FED. R. CIV. P. 37(c)(1).

The text messages identified in Item I are also in dispute. Plaintiff argues that Defendant's description of "[a]ll text messages between Alan Knox and current or former employees of OSU" fails to specify which texts Defendant plans to use at trial. (Mot. to Compel at 6, ECF No. 89). But Defendant claims that it will be using all 1600 texts identified, and it is not for the Court to question Defendant's litigation strategy. As such, there is no need for Defendant to provide a more detailed description for Item I.

Finally, Plaintiff notes that Item M includes "supporting documentation" to Defendant's Supplemental Response to Plaintiff's Interrogatory Number 18, but that Defendant did not provide any supporting documents in the supplemental response. (*Id.* at 5). To the extent that the "supporting documentation" truly does not exist, there is no need for clarification on Defendant's Exhibit List of what documents are included. But if Defendant does have "supporting documentation," then this too is an area where Defendant's description is so vague as to provide no notice to Plaintiff.

### B. Witness List

Turning next to Defendant's Witness List (ECF No. 78), the Court considers Plaintiff's arguments that the witness descriptions and summaries lack current contact information (i.e., phone numbers and addresses) and a sufficient brief summary of the witnesses' testimony, purpose of testimony, or major issues of testimony. (*Id.* at 7). The Court first notes that, as with many of the items in Defendant's Exhibit List, the use of non-inclusive lists in Defendant's descriptions of the witnesses' planned testimony does not comport with the requirements of the Court's Pretrial Order, which is intended — in the same vein as Rule 26(a)(3)(A)(i) — to

provide the parties with sufficient notice of the issues and topics to be presented at trial by the parties' fact witnesses.  Writing a brief summary and purpose of testimony in a manner that leaves open the possibility that a witness will testify as to any number of unspecified and unidentified topics fails to help the parties or this Court prepare for trial.  Similarly, simply stating that a witness will testify about the allegations in the complaint generally, without identifying specific aspects of the allegations, is at odds with the purposes of pretrial disclosures. On the other hand, Defendant's assertion that the parties have agreed that Defendant will arrange for the attendance of its witnesses obviates any need for Defendant to provide names and addresses of those employees for Plaintiff to effectuate service of trial subpoenas.  (*See* Resp. in Opp'n at 4, ECF No. 100; Ex. 3, ECF No. 100-3).

Finally, with respect to the broad categories of witnesses identified in Items P,[13] Q,[14] and R[15] of Defendant's Witness List, it is Defendant's decision whether it wishes to provide the Court with the names and addresses of specific witnesses, whether they were "identified through the parties' document productions" or disclosed by the parties during discovery, that it intends to call at trial.  (Def.'s Witness List ¶¶ Q, R, ECF No. 78).   The Court notes only that its Pretrial Order stated: "Failure to list a witness, except upon a showing of good cause, will preclude the use of that witness at trial."  (Order at 4, ECF No. 70).

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel (ECF No. 89) is **GRANTED IN PART and DENIED IN PART**.  Accordingly, it is **ORDERED** that:

---

[13] "Defendant may also rely upon other employees, agents and/or representatives of the other parties that are as of yet unknown but who are identified through the parties' document productions, as well as those needed for the purpose of authenticating records and/or complying with other procedural requirements at the time of trial." (Def.'s Witness List ¶ P, ECF No. 78).
[14] "Defendant incorporates by reference all individuals listed in the parties' Fed. R. Civ. P. 26(a) disclosures or disclosed in any witness list or discovery response of any party."  (*Id.* ¶ Q).
[15] "Defendants [sic] further specifically reserve the right to supplement their disclosures as trial warrants, including for rebuttal purposes."  (*Id.* ¶ R).

1. Defendant is **ORDERED** to file an amended exhibit list that complies with the Court's Pretrial Order (ECF No. 70) and Rule 26(a)(3)(A)(iii) **within five (5) days**. Specifically, Defendant must: (1) specify the documents included in Items C, H, M, N, P, R, and S; and (2) identify any other documents, not yet listed, it plans to use at trial with regards to Items D, E, F, G, O, and Q.

2. Defendant is **ORDERED** to file an amended witness list that complies with the Court's Pretrial Order (ECF No. 70) and Rule 26(a)(3)(A)(i) **within five (5) days**. Specifically, Defendant must specify the topics and the specific set of allegations in the complaint on which each witness will testify.

3. Defendant is further **ADVISED** that a failure to clearly and individually identify exhibits or witnesses to be presented a trial will, except upon a showing of good cause, preclude the use of that exhibit or witness at trial.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  January 27, 2023**