**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **U.S. Equal Employment Opportunity Commission,** | : | |
| | : | |
| Plaintiff, | : | Case No. 2:20-cv-04624 |
| | : | |
| **v.** | : | Chief Judge Algenon L. Marbley |
| | : | |
| **The Ohio State University,** | : | Magistrate Judge Kimberly Jolson |
| | : | |
| Defendant. | : | |

**DEFENDANT THE OHIO STATE UNIVERSITY'S TRIAL BRIEF**

Now comes Defendant The Ohio State University and provides the Court with the following law that it intends to rely on at trial. Depending on the admission of evidence and legal issues at trial, OSU reserves the right to request supplemental jury instructions to conform to the evidence related to one or more of the legal issues below.

**Burden of Proof:**

Plaintiff has brought this case pursuant to the Age Discrimination in Employment Act of 1967 § 4, 29 U.S.C.A. § 623(a)(1).  The United States Supreme Court has specifically held that the ADEA prohibits any sort of "mixed motive" analysis and, instead, requires the Plaintiff to demonstrate "but for" causation – which requires Plaintiff to prove "that age was *the reason* the employer decided to act." *Gross v. FBL Financial Services, Inc.,* 557 U.S. 167, 176 and HN5 (2009)(Emphasis added).  As stated by the *Gross* Court:

> Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor.

1

Id., pg. 174.

The Court further held that neither the burden of proof nor burden of persuasion shifts to the Defendant/employer at any time. Id., pg. 180 ("The burden of persuasion <u>does not shift to the employer</u> to show that it would have taken the actions regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." (Emphasis added.) This evidentiary burden has been repeatedly affirmed by the Sixth Circuit, most recently in *Pelcha v. MW Bancorp, Inc.,* 988 F.3d 318, 325 (6th Cir. 2021), which held that Plaintiff bears the burden of demonstrating that "the employer intentionally discriminated against the plaintiff *because of age."* (Citations omitted, emphasis added). This is a "but for" standard.

The U.S. Supreme Court in *Gross* specifically struck down jury instructions directing the jury to find in favor of the Plaintiff "if [age] played a part or a role in [defendant's] decision to demote [plaintiff]" or if "age was a motivating factor." *Gross,* 557 U.S. at 171. The court also struck down an instruction which sought to shift the burden of persuasion to the defendant to "prove[] by the preponderance of the evidence that [it] would have demoted [plaintiff] regardless of his age." Id. Counsel anticipates discussing the burden of proof with the jury during trial.

**<u>Honest Belief Rule:</u>**

Even if Plaintiff could establish a prima facie case of age discrimination, OSU has provided extensive evidence of non-discriminatory reasons for Knox's RIF, among other things, and Plaintiff has produced no evidence to establish that those reasons were pretextual or not "honestly believed" by OSU. To establish that an employer's legitimate,

nondiscriminatory reason for an adverse employment action is pretextual, a plaintiff may show that: "(1) the proffered reasons had no basis in fact, (2) the proffered reasons did not actually motivate his [termination], or (3) they were insufficient to motivate discharge." *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994)(overruled on other grounds). "In challenging an employer's action, an employee 'must demonstrate that the employer's reasons (each of them if the reasons independently cause [the] employer to take the action it did) are not true.'" *Smith v. Chrysler Corp.*, 155 F.3d 799, 805–06 (6th Cir. 1998) (quoting *Kariotis v. Navistar Int'l Trans. Corp.*, 131 F.3d 672, 676 (7th Cir. 1997)). "[A] reason cannot be pretext for discrimination unless it is shown both that the reason was false, **and that discrimination was the real reason**." *Morris v. Mary Rutan Hosp.,* 2020 WL 5943022, *8-9 (S.D. Ohio Oct. 7, 2020)(emphasis added) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)). Irrespective of the method a plaintiff uses to rebut a defendant's reasons, the plaintiff "always bears the burden of producing sufficient evidence from which the jury could reasonably reject [the defendant's] explanation and infer that the defendant intentionally discriminated against him" (Id.) and the plaintiff must prove that the reasons given by the defendant for the discharge "simply did not happen." *Alberty v. Columbus Twp.,* 730 F. Appx. 352, 361 (6th Cir. 2018)(emphasis added, citation omitted).

Under the Sixth Circuit's "honest belief" test "for an employer to avoid a finding that its claimed nondiscriminatory reason was pretextual, the employer must be able to establish its reasonable reliance on the particularized facts that were before it at the time the decision was made." *Blizzard v. Marion Tech. Coll.*, 698 F.2d 275, 286 (6th Cir. 2012) (citing *Escher v. BWXT Y-12, LLC*, 627 F.3d 1020, 1030 (6th Cir. 2010)). But when "determining whether an

3

employer 'reasonably relied on the particularized facts then before it,' " the Court does " 'not require that the decisional process used by the employer be optimal or that it left no stone unturned.' " *Wright v. Murray Guard, Inc.*, 455 F.3d 702, 708 (6th Cir. 2012). The Sixth Circuit noted: "The rationale behind the rule is that the focus of a discrimination suit is on the intent of the employer. If the employer honestly, albeit mistakenly believes in the non-discriminatory reason it relied upon in making its employment decision, then the employer lacks the necessary discriminatory intent." Id.  If the employer meets this burden, the burden then shifts to the employee to "produce 'proof to the contrary' that challenges the foundation of the employer's belief or lose on summary judgment." *Hardesty v. Kroger Co.*, 758 F. Appx. 490, 493 (6th Cir. 2019). And "[d]isputing facts is not enough—instead, the plaintiff must produce evidence 'demonstrat[ing] that the employer did not honestly believe in the proffered nondiscriminatory reason for its adverse employment action.'" *Block v. Meharry Med. Coll.*, 723 F. Appx. 273, 280 (6th Cir. 2018).

## Significant Difference in Age

Following Knox's RIF, his job duties were split between two existing Human Resources Generalists, Jodi Renshaw and Jackie Chambers.  Mr. Knox was 52 at the time of the RIF, Ms. Renshaw was 49 and Ms. Chambers was 50.  The Sixth Circuit has held that in the absence of direct evidence of discrimination, an age difference of less than six years is not substantial enough to give rise to a prima facie claim.  *Grosjean v. First Energy Corp.* 349 F. 3d 332, 340 (6th Cir.  2003).

**Prima Facie case of Age Discrimination**

To state a *prima facie* case, a plaintiff must establish that: 1) he was a member of a protected class; 2) he was discharged; 3) he was qualified for the position held; and 4) he was replaced by someone outside of the protected class. *McDonnell Douglas,* 411 U.S. at 802. In the context of a reduction in force, the fourth requirement is modified to require the plaintiff to offer some "direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Thompson v. Fresh Products, LLC*, 985 F.3d 509, 522 (6th Cir. 2021) (citing *Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414 (6th Cir. 1999)).

In the context of a RIF, plaintiff has a higher standard of proof under element number 4 to require the plaintiff to provide "additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." *Geiger v. Tower Automotive*, 2009 WL 2836538 (6th Cir. September 4, 2009). See also, *Shah v. NXP Semiconductors USA, Inc.,* 507 Fed. Appx. 483, 488 (6th Cir. 2012)(finding that eliminating one job qualifies as a RIF). In the context of a RIF, where no "new" employee is hired to replace an employee following a job elimination, "[a] person is not considered replaced when his duties are absorbed by another person 'or when the work is redistributed among other existing employees already performing related work.'" *Pio v. Benteler Automotive Corp,* 2022 WL 351722, *4 (6th Cir. 2022)(citations omitted). Further, with respect to a RIF, "the retention of an employee younger than a competent plaintiff is insufficient to establish a prima facie case of age discrimination . . . ." Id. (holding that the

plaintiff could not establish a prima facie case of age discrimination in a RIF context even if his job duties were assigned to a younger co-worker).

Plaintiff's allegation that Knox was the oldest HR Generalist within EHE at the time of the RIF is insufficient to establish a *prima facie* case of age discrimination. *See, Almond v. ABB Industrial Sys., Inc.,* 56 Fed. App'x. 672, 675 (6th Cir. 2003) (finding that the fact that the terminated employee was the oldest in his department was insufficient to establish a *prima facie* case under the ADEA); *see also, Bynum v. Fluor Fernald, Inc.,* No. C-1-04-361, 2006 U.S. Dist. LEXIS 7796, at *20–21 (S.D. Ohio Mar. 1, 2006) (Weber, J.) (finding that plaintiff terminated in a reduction in workforce case could not establish *prima facie* case of age discrimination showing that she was the oldest employee in the group within which she was considered for the reduction in workforce and that younger employees were retained); *Dabrowski v. Warner-Lambert Co.,* 815 F.2d 1076, 1078–79 (6th Cir. 1987) (stating that "[t]his court has long recognized that the mere fact that a younger employee or applicant receives better treatment than an older one is insufficient to carry the burden of proof in a case under the federal Age Discrimination in Employment Act"; holding that the plaintiff employee's evidence showed little more than that employer hired persons younger than the plaintiff).

**<u>Direct Evidence of Age Discrimination</u>**

Plaintiff claims that Bryan Lenzo, the sole decisionmaker for Knox's RIF, made statements that Knox "may retire soon," that it was "hard for [Knox] to change" and referred to Knox as the "old guy." (MIO, PAGEID #4902). Several recent cases in this circuit have held that as a matter of law these statements, even if true, are not evidence of age discrimination or age animus sufficient to defeat summary judgment. See *Pelcha,* supra, at 325 (statements

such as an employee having a "shelf life" or had passed their "expiration date" and that the employer should "hire younger" employees not sufficient to create an issue of fact); *Papierz v. Benteler Automotive Corp.,* 2022 WL 154342, *3 (6th Cir. Jan. 18, 2022)(statements that older workers are "rigid and resistant to change" not evidence of "ageist stereotypes" to avoid summary judgment); *Scott v. Potter,* 182 F. Appx. 521, 526 (6th Cir. 2006)(statements relating to retirement or that an employee "should retire" not sufficient to create an issue of fact); *Geiger v. Tower Automotive*, 579 F. 3d 614, 622 (6th Cir. 2009)(statements that an employee should consider retiring so that the employer could replace him with a "younger person" not sufficient to create an issue of fact); *Stircula v. Lowe's Home Centers, LLC,* 2021 WL 4125416, *4 (N.D. Ohio September 9, 2021)(statements such as older employees "move too slow" and "you can't teach an old dog new tricks" insufficient to create an issue of fact); <u>*Swanson v. McKesson Corp.*, 2006 WL 143223, at *4 (S.D. Ohio Jan. 18, 2006)</u> (holding that supervisor's reference to plaintiff as "old guy" was not evidence of age discrimination as it was not tied to any employment decision).

## **Business Judgment of Defendant**

Even when an employer uses an "evaluation process [that] was haphazard," that alone cannot create a "reasonable inference" of discrimination. *Okakpu-Mbah v. Postmaster General,* 2022 WL 3928534, *4 (6th Cir., Aug. 31, 2022)(Citations omitted). And an employer's "unwise business judgments" or "faulty evaluation system" does not establish an inference of discrimination either. Id.

**Documents or other evidence used for impeachment of trial witnesses**

"The unifying feature of impeachment evidence is its focus on the credibility of the witness herself. By contrast, substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact." *Toliver v. JBS Plainwell, Inc.,* 2016 WL 6583592, *8 (W. D. Mich. February 16, 2016) (Citations omitted). The Sixth Circuit has reversed district court's evidentiary decisions disallowing impeachment using learned treatises which, for instance, contradict the opinions of an opposing expert. See, *Nemir v. Mitsubishi Motors Corp.,* 381 Fed. 3d 540, 557-58 (6th Cir. 2004).

> **Dave Yost**
> **Ohio Attorney General**
>
> /s/ Christina L. Corl
> CHRISTINA L. CORL (0067869)
> Plunkett Cooney
> 716 Mt. Airyshire, Suite 150
> Columbus, Ohio 43235
> Telephone: (614) 629-3018
> Facsimile: (614) 629-3019
> Email: ccorl@plunkettcooney.com
> *Counsel for Defendant, The Ohio State University*

## CERTIFICATE OF SERVICE

Please take notice that counsel hereby certifies that the foregoing document was electronically filed/transmitted with the Clerk's Office using its electronic filing system on this 17th day of February, 2023, which will notify all parties of record via electronic mail.

> /s/ Christina L. Corl
> Christina L. Corl

Open.25577.90605.30490575-1